UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RUFUS EDWARD JONES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-01058-TWP-MPB |
| ) | |
| CORE CIVIC, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION**

This matter is before the Court on a Motion for Preliminary Injunction filed by Plaintiff Rufus Edward Jones ("Mr. Jones"). (Dkt. 49). Mr. Jones is an inmate at Plainfield Correctional Facility. He filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated his rights and were negligent by failing to provide proper restraints in jail transport vans. For the reasons stated below, his motion for preliminary injunction is **denied**.

**I.     The Motion**

In his Complaint, Mr. Jones alleges that prison policy requires prison officials to open legal mail in the presence of the receiving inmate, but on two occasions orders from this Court have been opened outside his presence and delivered to him with his non-legal mail. This prejudiced him by causing him to miss a deadline to respond to a summary judgment motion in another case. It is not clear from the motion how receiving his legal mail with his regular mail affected his ability to meet the deadline, but the Court infers that his non-legal mail was delayed. Mr. Jones does not seek any particular relief in his motion, but presumably he wants prison officials to follow their legal mail policy.

## II. Discussion

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

In this case, Mr. Jones is proceeding on claims regarding his transport in a van while he was incarcerated at Marion County Jail II, not claims regarding Plainfield Correctional Facility's mail policy. Further, none of the defendants in this action could provide the relief he seeks. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("observing that [a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief requested, and the motion must be denied. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015)

(holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220).

Mr. Jones must pursue his mail claims through the Indiana Department of Correction's grievance process, and, if necessary, by filing a separate lawsuit.

### III.   Conclusion

Because Mr. Jones' request for injunctive relief is outside the scope of the claims proceeding in this action and is based on conduct by non-defendants, his motion for preliminary injunction, Dkt. [49], must be **denied**. Instead, he must pursue his mail claims, if at all, in a separate lawsuit.

**IT IS SO ORDERED.**

Date: 4/25/2022

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

RUFUS EDWARD JONES
286965
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168

William A. Hahn
WILLIAM HAHN LAW LLC
Williamhahnlawllc@gmail.com